IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| STARR SURPLUS LINES INSURANCE COMPANY, § § § | |
| Plaintiff, § | CIVIL ACTION NO. 7:18-cv-00215 |
| § | |
| V. § | |
| § | |
| COLONY INSURANCE COMPANY, § § | |
| Defendant. | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE COURT:

Plaintiff Starr Surplus Lines Insurance Company ("Starr") files this lawsuit pursuant to the Federal Judgment Act found at 28 U.S.C. § 2201 for a declaration that Defendant Colony Insurance Company ("Colony") has a duty to defend and indemnify its named insured Acero Fab Inc. In support of this Complaint, Starr respectfully shows as follows:

**I.**

**PARTIES, JURISDICTION AND VENUE**

1.1   Plaintiff Starr is a corporation duly organized and existing under the laws of the State of Illinois with its principal place of business in New York.

1.2   On information and belief, Defendant Colony is a corporation duly organized and existing under the laws of the State of Virginia with its principal place of business in Virginia. Colony conducts the business of insurance nationwide, including in the State of Texas, and may be served with citation and a copy of this Complaint by serving the Commissioner of Insurance, 333 Guadalupe St. Austin, Texas 78701. Colony does not list a registered agent with the Texas

Department of Insurance.  The mailing address for Colony is PO Box 469012, San Antonio, Texas 78249 and its physical address is 8720 Stony Point Pkwy, Ste. 400 Richmond VA 23235.

1.3     This declaratory judgment action is brought under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.  The jurisdiction of this Court is based upon the diversity of the Plaintiff from the Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Because the parties to this lawsuit are citizens of different states and the amount in controversy exceeds $75,000, this Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332.

1.4     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Colony has sufficient minimum contacts in this district to be subject to the personal jurisdiction of this district. The insurance policies, which are the subject of this declaratory judgment lawsuit, and under which coverage is sought, were issued and delivered in this district.

## II.

## BACKGROUND

2.1     This declaratory judgment action seeks to determine the insurance obligations of Colony in connection with the alleged defective construction of the Progreso ISD Auditorium ("Project") that is the subject of a lawsuit styled *Progreso ISD v. IDE-A-Group, LLC, et al.,* Cause No. C-2139-17-C, pending in the 139th Judicial District Court of Hidalgo County, Texas (referred to hereinafter as the "Underlying Lawsuit").  Starr and Colony issued commercial liability policies to one of the Defendant subcontractors on the Project, Acero Fab Inc. ("Acero").  Starr is currently defending Acero in the Underlying Lawsuit.  Starr contends that Colony owes defense and indemnity duties to Acero as its named insured under Colony's respective policies and Colony owes defense costs incurred by Starr on behalf of Acero. Starr

asks the Court to determine the disputed issues of the obligations under Colony's insurance policies.

### A.   Pleadings from the Underlying Lawsuit

2.2   The Underlying Lawsuit arises out of the alleged defective construction of Progreso ISD's ("Progreso") Auditorium.  Progreso filed the Underlying Lawsuit against IDE-A, Group, LLC, the Architect and Construction Manager-Agent on the Project, and subcontractors, including Colony's and Starr's named insured Acero.  Progreso's First Amended Petition, filed on July 17, 2017, named Acero as a defendant and alleged Defendants' and their subcontractors' negligence, failure to construct the project in a good and workmanlike manner, breach of contract, breach of implied warranties and/or acts or omission have caused physical harm and/or damage to tangible property and resulting property damage since construction first started through the date of filing the suit.  The Petition from the Underlying Lawsuit alleges physical damage to tangible property occurred during and after construction and such damages are continuous and ongoing.  Additionally, Progreso alleges the following components of the Project were constructed inadequately or contain defects: grading and storm drainage system; wall drainage system; perimeter wall air barrier system; metal framing system; interior and exterior plastering, plumbing and painting; fenestration system around building; HVAC system; roofing system; orchestra pit; filler system; theater lighting; theater drapery; theater sound; theater video; and the stage rigging system.   A copy of Progreso's First Amended Petition in the Underlying Lawsuit is attached as *Exhibit A* to this Complaint.  Progreso filed its Second Amended Petition on September 5, 2017.  The aforementioned allegations are included in Progreso's Second Amended Petition and Acero remains a named defendant in the suit.  A copy of Progreso's

Second Amended Petition from the Underlying Lawsuit, the live pleading, is attached as *Exhibit B* to this Complaint.

2.3     IDE-A filed a Third Party Petition in the Underlying Lawsuit on July 12, 2017, against subcontractors, including Acero.  IDE-A seeks defense, indemnity and contribution in the event it is found liable, and also files negligence, and breach of contract and warranty claims against subcontractors, including Acero.  A copy of IDE-A's Original Third Party Petition in the Underlying Lawsuit, the live pleading, is attached as *Exhibit C* to this Complaint.

2.4     Acero was hired to perform structural, miscellaneous steel, pipe, bollards, roof perlins, roof deck, insulated panels, and steel trusses work for the Project.

2.5     Colony issued the following Commercial General Liability Policy Number to Acero: GL146430, effective from February 21, 2007 to February 21, 2008, and effective from February 21, 2008 to February 21, 2009 (collectively the "Policies").  Copies of the Colony Policies are attached as *Exhibits D and D1* to this Complaint.

2.6     The Colony Policies include the following relevant language, in part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\*\*\*

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that my result.  But:

**(1)**    The amount we will pay for damages is limited as described in Section **III** –Limits Of Insurance; and

**(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or

          settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

          No other obligation or liability to pay sums or performs acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.**    This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)**    Prior to the policy period, no insured listed under Paragraph **1.** Of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have known prior to the policy period.

**c.**    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.**    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)**    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)**    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)**    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

\*\*\*

2.7    The allegations in the Underlying Lawsuit trigger coverage in that they allege facts supporting claims for "property damage" caused by an "occurrence" as those terms are defined in the Colony Policies. Additionally, none of the exclusions included in the Colony Policies apply to preclude coverage.

**B.     Colony has failed to provide coverage to its named insured Acero and contribute to the defense costs in the Underlying Lawsuit**

2.8     Upon information and belief, Acero tendered its defense and indemnity to Colony. Colony denied coverage for Acero in the Underlying Lawsuit.

2.9     As such, Colony is not paying the costs of defense it owes to Acero and to Starr as one of the carriers currently providing a defense to Acero.

2.10    Starr has defended and continues to defend Acero against the claims asserted in the Underlying Lawsuit, subject to a reservation of rights.

### III.

### PRAYER FOR RELIEF

3.1     Starr incorporates by reference the allegations set forth above. This action is necessary to determine Colony's duties to defend its named insured Acero under the Colony Policies. This matter presents an actual controversy of a justiciable nature between the parties hereto with respect to the matters set forth in this action.

3.2     WHEREFORE PREMISES CONSIDERED, Starr seeks the following declarations:

> 1)   Colony is required to defend and indemnify Acero in connection with the Underlying Lawsuit;
>
> 2)   Colony is required to pay a portion of the defense costs incurred or paid by Starr on behalf of Acero in the Underlying Lawsuit from the date Colony received its tender from Acero to present;
>
> 3)   Colony is required to reimburse Starr for past defense and indemnity costs;

4) Colony is required to reimburse Starr for prospective defense and indemnity costs;

5) Colony is required to pay a portion of the defense costs for Acero going forward.

3.3 Starr further requests such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted

*/s/ Harrison H. Yoss*
Harrison H. Yoss, Attorney-in-Charge
State Bar No.  22169030
Southern District Bar No. 17055
hyoss@thompsoncoe.com
Samantha L. Halpern
State Bar No. 24099838
Southern District Bar No. 3149448
shalpern@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
214-871-8259 – Phone
214-871-8209 – Fax

**ATTORNEYS FOR PLAINTIFF**
**STARR SURPLUS LINES INSURANCE**
**COMPANY**